PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.

---

ALTON RICHARDSON *vs.* CYRUS S. NOBLE and another.

Somerset.    Opinion June 9, 1885.

*Sales. False representations of vendor. Mortgage. Assignment. Delivery.*

The court adheres to the rule, acted upon in this state, that it is not an actionable fraud for a vendor to falsely represent to a vendee the price paid for property sold. Still, the rule should be carefully construed and applied, and may admit of exceptions.

The holder of a note who, without binding consideration, promises the maker to surrender the note to him, but does not surrender it, is not estopped to enforce a mortgage securing the note upon land purchased by a third person of the maker of the note, although such person placed reliance upon such promise when he afterwards purchased the property.

A writ of entry was prosecuted in the name of an assignee for the benefit of an assignor of a mortgage. *Held*, that, in the absence of other evidence, the production of the assignment at the trial by the attorney of record appearing for the plaintiff, is *prima facie* evidence of a delivery of the assignment from assignor to assignee.

ON EXCEPTIONS.

Writ of entry to recover possession of certain real estate in Pittsfield. The plaintiff claimed under a mortgage given by Cyrus S. Noble to James F. Connor, April 7, 1866, to secure a note of five hundred dollars, payable in one year. The mortgage was assigned to the plaintiff July 1, 1866, but it was admitted that the suit was brought for the benefit of Connor, who was the real party in interest. The mortgage note was given for a certain interest in oil lands in Canada. The defence was that the note and mortgage were obtained by fraud and misrepresentation, and were without consideration, that there had been a failure of

consideration, and that as to one defendant, William A. Noble, Connor was estopped by his own acts and declarations made to him, (William A. Noble,) before the latter purchased the property of Cyrus S. Noble. The defendants also contended that there was no sufficient evidence of the assignment, or delivery of it, from Connor to the nominal plaintiff. The exceptions were by the defendants, and the other material facts are sufficiently stated in the opinion.

Cyrus S. Noble disclaimed all interest in the premises.

*Baker, Baker and Cornish*, and *C. A. Farwell*, for the plaintiff, cited: *Holbrook* v. *Connor*, 60 Maine, 578; *Jordan* v. *Money*, 5 H. of L. Cas. 185; *Jackson* v. *Allen*, 120 Mass. 79; *Brightman* v. *Hicks*, 108 Mass. 246; *Langdon* v. *Doud*, 10 Allen, 432; Bigelow on Estoppel, 438; *Plumer* v. *Lord*, 9 Allen, 458; *Langdon* v. *Doud*, 10 Allen, 432; *Turner* v. *Coffin*, 12 Allen, 401; *Howard* v. *Hudson*, 2 Ell. and Bl. p. 1, and cases cited in note; *Preble* v. *Conger*, 66 Ill. 370; *Flower* v. *Elwood*, 66 Ill. 438; *Hefner* v. *Vandolate*, 57 Ill. 520; *Kinney* v. *Farnsworth*, 17 Conn. 355; *Copeland* v. *Copeland*, 28 Maine, 525; *Andrews* v. *Lyons*, 11 Allen, 349–351.

*D. D. Stewart*, for the defendants, contended that the testimony showing the false representations of Connor as to the price paid for the oil lands were admissible, and constituted a full legal, as well as equitable defence, and cited: *Stebbins* v. *Eddy*, 4 Mason, 422; *Simar* v. *Canaday*, 53 N. Y. 298; *Smith* v. *Countryman*, 30 N. Y. 655; 2 Pars. Contr. 267; *Daggatt* v. *Emerson*, 3 Story, 733; *Van Epps* v. *Harrison*, 5 Hill, 63; *Sanford* v. *Handy*, 23 Wend. 268; *Page* v. *Parker*, 43 N. H. 369; *Powers* v. *Hale*, 25 N. H. 153; *Pasley* v. *Freeman*, 3 T. R. 51; *Polhill* v. *Walter*, 3 B. & Ad. 114; *Clarke* v. *Dickson*, 6 C. B. (N. S.) 453; *Bagshaw* v. *Seymour*, 4 C. B. (N. S.) 873; *Bedford* v. *Bagshaw*, 4 Hurl. & Nor. 538; *Brown* v. *Castles*, 11 Cush. 349; *Bradley* v. *Poole*, 98 Mass. 182; *Somes* v. *Richards*, 46 Vt. 170; *Ives* v. *Carter*, 24 Conn. 403; *Stover* v. *Wood*, 11 C. E. Green, (N. J.) 417; *Neil* v. *Cummings*, 75 Ill. 170; *Kennar* v. *Harding*, 85 Ill. 264;

*McClellan* v. *Scott*, 24 Wis. 81; *Davis* v. *Jackson*, 22 Ind. 233; *Bryon* v. *Hitchcock*, 43 Mo. 527; *Gifford* v. *Carvill*, 29 Cal. 589; *Teague* v. *Irwin*, 127 Mass. 217; 1 Wharton, Contr. § 260.

Against this mass of legal authority, we have *Holbrook* v. *Connor*, 60 Maine, 578, and cases referring to it in this state; and *Medbury*, v. *Watson*, 6 Met. 246, and cases referring to it in Massachusetts. The former was decided by a divided court, — equally divided until a new judge came upon the bench, and thus it was virtually decided by a judge who was not present at the argument. And all there was in the latter case, ( *Medbury* v. *Watson*, ) upon the subject, were mere *dicta*.

Counsel further argued the other questions arising in the case, citing upon the question of the delivery of the assignment of the mortgage : *Johnson* v. *Leonards*, 68 Maine, 239; *Dwinel* v. *Holmes*, 33 Maine, 172; *Rhodes* v. *Gardiner*, 30 Maine, 110; *Parker* v. *Hill*, 8 Met. 450; *Hatch* v. *Haskins*, 17 Maine, 397.

PETERS, C. J. Defendants' counsel urgently asks our re-consideration of the rule acted upon in this state, that it is not an actionable fraud for a vendor to falsely represent to his vendee the price paid by himself for the property sold. *Holbrook* v. *Connor*, 60 Maine, 578; *Bishop* v. *Small*, 63 Maine, 12; *State* v. *Paul*, 69 Maine, 215.

It is to be admitted that much may be said on either side of the question. No better evidence of that can exist than the fact that courts have differed among themselves about the expediency of the rule. In many cases the rule may operate harshly. But generally, the effect of it is rather salutary. We do not feel that we should upset a rule so recently resolved upon after careful argument and consideration.

The very fact, however, that the rule is disagreed to by reputable courts, is a reason why it should be strictly, rather than liberally, construed. Its application should be properly guarded. And there may be exceptions to the rule. The present case, however, seems to be one of the common instances where the principle is applicable.

The point that the note is invalid for failure of consideration, is not good. The maker was to have a certain share represented by equitable ownership in real estate. The deed to the trustee provides for such ownership.

Nor can the point taken prevail that the owner of the note became estopped by a representation that he would give the note up. The purchaser of the land mortgaged should not rely upon a promise made without consideration to do something in the future. The defendant contends that the proof amounts to an admission that the mortgage note was worthless, and that the real plaintiff is estopped from recovering the land against an after purchaser, before whom the admission was made. But no such admission was made. On the contrary, what was said was a clear affirmation that the note was due, but that for personal reasons, the holder would probably surrender it to the maker.

The action is a writ of entry in the name of an assignee of a mortgage, but prosecuted, it is admitted, wholly for the benefit of the assignor. There was no evidence of any delivery of the assignment to the assignee, except that the plaintiff's attorney of record produced the mortgage and the assignment thereon at the trial. It is the opinion of a majority of the court that the attorney's possession of the papers is *prima facie* evidence of delivery from the assignor to the assignee, notwithstanding the admission that the assignor is the real party in interest in the suit.

*Exceptions overruled.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.